**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BINHUA FU and YING PU, | No. 11-70922 |
| Petitioners, | Agency Nos. A089-703-798 |
| | A089-703-799 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2014[**]
San Francisco, California

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA, District Judge.[***]

Binhua Fu and Ying Pu petition for review from the Board of Immigration

Appeals's ("BIA") order dismissing their appeal from the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("IJ") denial of their petition for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we deny the petition for review.

Petitioners first argue that their due process rights were infringed due to the IJ's questioning. Due process entitles an alien in removal proceedings to a "full and fair hearing of his [or her] claims and a reasonable opportunity to present evidence on his [or her] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). "To prevail on a due process challenge to [immigration] proceedings, [an alien] must show error and substantial prejudice." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (second alteration in original) (quoting *Lata v. INS*, 204 F. 3d 1241, 1246 (9th Cir. 2000)). According to Petitioners, the IJ's "antagonism" rose to the level of denying them a fair and neutral tribunal by interrupting Fu's testimony on several occasions to ask specific questions and expressing frustration at his answers. However, as the BIA properly noted, the IJ permitted Fu's counsel to resume their examination of him, provided Fu with the opportunity to clarify his testimony, and allowed Fu's counsel to conduct redirect examination of Fu, which he declined. Petitioners have not identified any material evidence that they were precluded from presenting. As such, they cannot show error or prejudice, and their due process claim fails.

Petitioners also argue that the IJ's adverse credibility determination of Fu was unsupported by substantial evidence. Under the REAL ID Act, the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a "bearing on a petitioner's veracity." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Here, considerable discrepancies existed between Fu's asylum application, his asylum declaration, and his testimony regarding his claim of past persecution in China on account of his Christian religion. For example, in Fu's asylum declaration, he testified that during his November 2003 arrest, he was ordered to call his family on a cell phone, he was given a white and blue uniform, and that after his release from the detention center, a friend picked him up and he stayed at his friend's home for a week. However, at the hearing, he testified that he could not call his family, he was not given a uniform and spent his entire detention in his underwear, and upon release, his friend immediately took him home. When the IJ questioned Fu about these inconsistencies, he only explained that his English was poor, which the IJ discredited because Fu admitted that his attorney's law firm had Chinese language services. Additionally, in Fu's asylum application, he reported being evicted by the Chinese police twice between August and October 2003. Yet, in his asylum declaration, he reported only living at one address in China. When

3

the IJ questioned Fu about these additional inconsistencies, he dismissed them as unimportant, emphasizing that there were more than ten times when the police raided his church-home. Given Fu's inconsistencies and his lack of credible explanations, the record reveals substantial evidence to support the IJ's adverse credibility determination.

**PETITION DENIED.**